| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>CENTRAL ISLIP DIVISION | HEARING DATE: September 5, 2019<br>HEARING TIME: 10:00 a.m.<br>HEARING PLACE: Central Islip |
| IN RE<br><br>TERESA FLORES<br><br>DEBTOR | CHAPTER 7<br><br>CASE NO. 8-19-74438-las<br><br>JUDGE: Hon. Louis A. Scarcella |

**NOTICE OF MOTION REQUESTING ENTRY OF AN ORDER GRANTING IN REM RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§105(a) AND 362(d) WITH RESPECT TO THE FIRST MORTGAGE LIEN ON REAL PROPERTY LOCATED AT 415 AMERICAN BOULEVARD, BRENTWOOD, NY 11717**

**PLEASE TAKE NOTICE** that Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE1 by and through its undersigned counsel, will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON. Hon. Louis A. Scarcella |
| RETURN DATE & TIME: | September 5, 2019 at 10:00 a.m. |
| COURTHOUSE: | United States Bankruptcy Court<br>Alfonse M. D'Amato U.S. Courthouse<br>290 Federal Plaza<br>Central Islip, NY 11722 |
| RELIEF REQUESTED: | The proposed order will seek to vacate the automatic stay imposed by 11 U.S.C. section 362(a) with regard to the subject property generally described as 415 American Boulevard Brentwood, NY 11717. Movant is seeking the entry of the order under 11 U.S.C. § 105(a) such as the one described pursuant to 11 U.S.C. § 362(d)(4) which provides that any subsequent bankruptcy filings affecting real property described herein shall not operate as a stay against such real property for a period of two years from the entry of such an order; or, in the alternative for confirmation no stay is in effect pursuant to 11 U.S.C. § 362(c)(4) and for such other and further relief as this Court may deem just and proper. |

11-012965

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, to the relief requested, must be served upon and received by Shapiro, DiCaro & Barak, LLC at their offices at 175 Mile Crossing Boulevard, Rochester, NY 14624 and filed with the Clerk of the United States Bankruptcy Court for the Eastern District of New York District of New York at United States Bankruptcy Court, United States Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722 no later than seven (7) days prior to the return date of this motion.

Dated: July 12, 2019
Melville, New York

/s/Shari Barak
Shari S. Barak
Managing Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper as Servicer for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE1
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.**

TO:    SERVICE LIST

11-012965

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>CENTRAL ISLIP DIVISION<br>IN RE<br><br>TERESA FLORES<br><br>DEBTOR | HEARING DATE: September 5, 2019<br>HEARING TIME:  10:00 a.m.<br>HEARING PLACE:  Central Islip<br><br>CHAPTER 7<br><br>CASE NO. 8-19-74438-las<br><br>JUDGE: Hon. Louis A. Scarcella |

**MOTION OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER REQUESTING ENTRY OF AN ORDER GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§105(a) AND 362(d), WITH RESPECT TO THE FIRST MORTGAGE LIEN ON REAL PROPERTY LOCATED AT 415 AMERICAN BOULEVARD, BRENTWOOD, NY 11717**

Shari S. Barak, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am a member with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys Nationstar Mortgage LLC d/b/a Mr. Cooper.as servicer for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE1, a secured creditor of Teresa Flores ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for a Comfort Order seeking to confirm the automatic stay imposed by 11 U.S.C. § 362(a) for the subject property generally described as 415 American Boulevard Brentwood, NY 11717, was not in effect as of bankruptcy filing pursuant to 11 U.S.C. § 362(c)(4)(A)(ii) and for an Order pursuant to 105(a) seeking in rem relief as described in 362(d)(4); and for such other and further relief as this Court may deem just and proper.

11-012965

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

### I. PRELIMINARY STATEMENT IN SUPPORT OF *IN REM* RELIEF

4. Within the past year and a half, a pending foreclosure has been halted or delayed by various tactics, including multiple bankruptcy filings, by Teresa Flores (the "Debtor" or "Borrower"). Each bankruptcy petition filing asserted an interest in the real property located at 415 American Boulevard, Brentwood, NY 11717 (the "Property").

5. Prior to said foreclosure, Teresa Flores filed bankruptcy in the Bankruptcy Court for the Eastern District of New York, under Chapter 7 as Case No. 8-10-74603-ast on June 14, 2010 (the "First Case"). The First case resulted is a successful discharge.

6. The case outlined above occurred prior to the pending foreclosure action however we cite this case as an example for the court to demonstrate the abusive behavior of the Debtor and the familiarity with the bankruptcy system.

7. The second case was filed pro se on October 29, 2018 in the Bankruptcy Court for the Eastern District of New York under Chapter 13 as Case No. 8-18-77286-las (the "Second Case"). The Second Case was a barebones petition and did not include all the schedules. The Second Case was automatically dismissed pursuant to 11 U.S.C. § 521(i)(l) for the Debtor's failure to file information, as required under 11 U.S.C. § 521(a)(1), and a Notice of Automatic Dismissal Order was entered December 21, 2018 *[ECF Doc. No. 18]*.

8. The third case was filed pro se on February 28, 2019 in the Bankruptcy Court for the Eastern District of New York under Chapter 13 as Case No. 8-19-71446-las (the "Third Case"). The Third Case was a barebones petition, did not include all the schedules, and included

11-012965

an application to have the filing fee paid in installments. The Third Case was automatically dismissed pursuant to 11 U.S.C. § 521(i)(l) for the Debtor's failure to file information, as required under 11 U.S.C. § 521(a)(1), and a Notice of Automatic Dismissal Order was entered April 17, 2019 *[ECF Doc. No. 17]*.

9. The fourth and instant case was filed on June 18, 2019 in the Bankruptcy Court for the Eastern District of New York under Chapter 7 as Case No. 1-19-74438-las (the "Fourth Case"). As the current filing is a Chapter 7 filing, Movant avers that there is no realistic prospect of reorganization, and that the instant case was filed in bad faith. Moreover, as this fourth case represents the third case filed within one year of 2 pending cases both of which were dismissed within a year of the filing of the present case, pursuant to 362(c)(4), the automatic stay is not triggered and as such no stay is in effect. As such the foreclosure sale that was conducted on June 19, 2019 was not stayed by the current bankruptcy filing and is a valid sale.

10. In addition to multiple bankruptcy filings outlined herein the Debtor engaged in state court litigation by interposing an answer to the filed Summons and Complaint. The Debtor was defeated in such attempt by order entered on November 30, 2017 however such litigation created lengthy and costly delays to Movant.

11. The Debtor has not utilized the automatic stay for legitimately seeking a fresh start. Rather, the multiple bankruptcy filings of the Debtor demonstrate an abuse of the automatic stay and the bankruptcy system, used to thwart creditors' efforts to enforce their state law rights in their collateral. There is more than an adequate basis to conclude, under § 362(d)(4), that the multiple and largely unprosecuted cases are part of a scheme to delay, hinder, or defraud the efforts of Movant and other creditors who seek to enforce their state law remedies in the affected real property.

## FACTUAL BACKGROUND

12. Movant is a secured creditor of the Debtor pursuant to a note executed by Teresa Flores on July 11, 2006, whereby Teresa Flores promised to repay the principal amount of $347,890.00 plus interest to Meritage Mortgage Corporation (the "Note"). To secure the repayment of the Note, Debtor granted Mortgage Electronic Registration Systems, Inc., as nominee for Meritage Mortgage a mortgage, which was duly recorded in Suffolk County Clerk's Office on August 2, 2006 at Liber M00021352 of Mortgages, Page 588 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 415 American Boulevard, Brentwood, NY 11717 (the "Property"). The Mortgage was transferred to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2007-HE1, and said transfer was memorialized by an Assignment of Mortgage executed on July 12, 2007 and recorded July 27, 2007 in Liber M00021574 of Mortgages, page 952. ("Assignment of Mortgage"). LaSalle merged with Movant pursuant to a merger agreement. Copies of the Note, Mortgage, Assignment of Mortgage, and Appropriate Merger Documents are annexed hereto as **Exhibit "A"**.

13. The default date for this mortgage is December 2006, thus the mortgage has not been paid in almost 13 years. Foreclosure proceedings with respect to the Property were initiated by the filing of a summons and compliant in the Supreme Court of the State of New York, County of Suffolk on June 4, 2013 under Index No. 13-14664.

14. Judgment of Foreclosure and Sale ("JFS") was entered on August 15, 2018 granted by Hon. Howard H. Heckman J.S.C. A copy of the JFS is annexed hereto as **Exhibit "B"**.

15. The Loan is currently due for the December 1, 2006 installment. The default is over 12 years at this time with payments due exceeding the original amount of the Loan. In fact,

11-012965

Debtor only made a total **three payments** under the terms of the Note. A copy of Relief from Stay Real Estate Cooperative Apartments Affidavit (the "Relief from Stay Worksheet"), further detailing the default, is annexed hereto as **Exhibit "C"**.

16. According to a Broker's Price Opinion ("BPO") dated June 27, 2019, the value of the Property is approximately $335,000.00. A copy of the BPO is attached hereto as **Exhibit "D"**.

## ARGUMENT IN FURTHER SUPPORT OF
## *IN REM* RELIEF SUCH AS THE TYPE DESCRIBED UNDER 11 U.S.C. §362(d)(4)

17. Taken together, the four bankruptcy cases along with state court litigation, Movant requests this Court to issue an Order pursuant to 11 U.S.C. § 105(a) that any future filing under any Chapter of the Bankruptcy Code by Debtor and/or any other person or entity claiming an interest in the Premises described above, within a period of two (2) years from the date of entry of said Order will not trigger an automatic stay as to Movant its successors and/or assigns.

18. Section 105 provides the bankruptcy court with the ability to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Bankruptcy Courts have relied on this section for authority to grant prospective relief from the automatic stay when the debtor is a "serial filer" who abuses the bankruptcy process to obtain the benefit of the automatic stay without any intention of completing the process. *See Decision of Judge Craig, In re Ward, Case No 09-47334, 1/12/10.*

19. In determining whether to grant in rem relief, courts are granted broad authority under 11 U.S.C. § 105(a). In re Lemma, 394 B.R. 315 (Bank E.D.N.Y. 2008) set forth the elements necessary to obtain in rem relief. In rem relief was requested in that case based upon the provisions of Section 362(d)(4). The Court in that case denied the request based upon the

fact that it was unable to support the finding that the filings were part of a scheme to hinder, delay and defraud the mortgagee. Unlike the facts of that case, the facts of the case at bar demonstrate unequivocally that the requirements of 362(d)(4) exist and that these filings represent such a scheme. Taken together, the **four** bankruptcy cases along with state court litigation provide a more than adequate basis to find that the serial bankruptcy filings are part of a scheme to delay, hinder and defraud secured creditors.

Section 362(d)(4) of the Code states that

> . . .after notice and a hearing, the court *shall* grant relief from the stay. . .
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, *if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors* that involved either-
>     (A)    transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>     (B)    *multiple bankruptcy filings affecting such real property.* If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.

11 U.S.C. § 362(d)(4) (emphasis added).

20.    To obtain relief under § 362(d)(4), the moving party has the burden of proving that the current filing by the debtor "is part of a scheme, that the scheme involved the transfer of real property or multiple filings, and that the object of the scheme is to hinder, delay, [or][1] defraud" the moving party. In re Lemma, 394 B.R. at 323.

---

[1] Prior to the 2010 amendments to the Bankruptcy Code, § 362(d)(4) relief required the filing of a petition that was part of a scheme to "hinder, delay, *and* defraud creditor." See Pub. L. 111-

11-012965

21.     Courts have considered several factors in determining whether multiple filings raise an inference of intent to hinder, delay or defraud secured creditors, including (1) debtor's failure to make post-petition payments on the loan, (2) debtor's failure to file the required documents and information necessary to prosecute the bankruptcy, and the timing and (3) the sequencing of the filings. *See* In re Montalvo, 416 B.R. 381, 386–87 (Bankr. E.D.N.Y. 2009).

22.     When evaluating whether to grant relief under § 362(d)(4), "the mere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a reasonable inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors." In re Blair, 2009 Bankr. LEXIS 4195, 63 Collier Bankr. Cas. 2d (MB) 513 (noting that each filing occurred on the eve or shortly before significant events effecting the property at issue and consequently granting *in rem* relief). In addition, when debtor(s) "have evinced no true intention to reorganize their financial affairs . . . but [r]ather they have engaged in serial filings to thwart the efforts of [a secured creditor] to exercise its lawful rights under state law . . . [t]he serial filings are evidence of bad faith, and evidence of the fact that [the debtor(s)] are abusing the bankruptcy process." In re Montalvo, 416 B.R. at 385–86 (granting *in rem* relief while observing that the various cases filed between the present debtor and co-obligor were dismissed for failure to comply with filing requirements).

23.     The timing of the bankruptcy filings raise serious questions regarding Debtor's intent to hinder, delay and defraud Movant. The timing and sequencing of these events "allows the Court to draw a permissible inference . . . that the instant petition [is] part of a scheme of Debtor to delay, hinder, and defraud" Movant. In re Montalvo, 416 B.R. at 387.

24.     Based on the foregoing, the creditor would be entitled to relief under § 362(d)(4) in light of the numerous bankruptcy filings of the Debtor, the excessive default under the

---

327, Sec. 2(a)(12)(C) (2010) (emphasis added).

11-012965

mortgage and the lengthy delays caused by the debtor in proceeding with this action. These actions constitute a scheme to hinder, delay, and defraud Movant as it attempts to exercise its state law remedies as the owner of the Property.

25.	By applying the provisions of § 362(d)(4) to the case at bar and taking into account the standards set forth in In re Lemma as well as the holdings of Montalvo, Blair and Smith, this court should grant in rem relief pursuant to § 105(a).

26.	Movant, according to the laws of the State of New York, now desires to complete its eviction proceedings and to otherwise obtain vacant possession of the Property. If Movant were a secured creditor of debtor, the provisions of 11 U.S.C. § 362(d)(4) regarding *in rem* relief would apply. The fact that Movant is now the owner of the premises and not a secured creditor should not cause a diminution of any rights it would otherwise be entitled to as a secured creditor. The behavior of the various debtors is that which § 362(d)(4) contemplates and accounts for. As such the Movant should be afforded all the same protections which a secured creditor would be entitled to receive including those described in 11 U.S.C. § 362(d)(4). This Court may apply the remedy as set forth in § 362(d)(4) using its powers described in 11 U.S.C. § 105(b).

27.	Under New York State law, the Debtor herein is without legal or equitable interest in the Property. The transfer of the Property occurred the moment the Property was sold at the foreclosure sale. There being no right of redemption in New York State, the Debtor retains no interest in the Property and would be unable to decelerate or reinstate the mortgage. The Property is therefore not property of the Debtor's bankruptcy estate. See In re Ghosh, 38 B.R. 600 (1984) and In re Ellis, 40 B.R. 760 at 766 (E.D.N.Y. 1984).

28. Under facts similar to those now before this Court, the Bankruptcy Court in the Eastern District of New York ruled that the automatic stay provisions of 11 U.S.C. § 362 did not apply to the mortgagee, purchaser or referee appointed in the foreclosure proceedings. See In re Cretella, 42 B.R. 526 (E.D.N.Y. 1984).

29. As such it is respectfully requested that this Court grant *in rem* relief as to any future filings by the Debtor or any other person or entity claiming an interest in the Premises, within two years from the entry of the Order and said filing shall not operate as an automatic stay against Movant its successor and/or assigns. It is further respectfully requested that given the delay tactics of the debtor, that the Court waive the fourteen (14) day stay invoked pursuant to Fed. R. Bank. P 4001(a)(3)

## IV. IN THE ALTERNATIVE, MOVANT REQUESTS CONFIRMATION NO STAY IS IN EFFECT UNDER 11 U.S.C. § 362(c)(4),

30. In the event this Court finds that in rem relief is not warranted, Movant respectfully requests confirmation that no stay is in effect pursuant to 11 U.S.C. § 362(c)(4).

31. 11 U.S.C. § 362(c)(4)(A) provides in pertinent part:

> (i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;

32. In the instant case, the Second Case, Third Case, and Fourth Case were all pending within one calendar year. The Debtor has failed to reimpose the stay in any case. Resultantly, Movant respectfully requests an Order confirming no stay is in effect pursuant to 11 U.S.C. § 362(c)(4). Movant further requests an Order pursuant to 105(a) for in rem relief as described in 362(d)(4).

11-012965

33. The Debtor, Debtor's Attorney, the Chapter 13 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

34. No prior application has been made for the relief requested herein.

*This Space Intentionally Left Blank*

11-012965

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Secured Creditor respectfully requests that the Secured Creditor's Motion for *In Rem Relief* be granted pursuant to 11 U.S.C. §§ 105(a) and 362(d)(4), such that any and all future filings under the Bankruptcy Code during the next two years by any person or entity with an interest in the Property, shall not operate as a stay as to Secured Creditor's enforcement of its rights in and to 415 American Boulevard, Brentwood, NY 11717, or, in the alternative, for an order pursuant to 11 U.S.C. § 362(c)(4), together with any further relief that this Court deems appropriate.

Dated: July 12, 2019
Melville, New York

                                         /s/Shari Barak
                                         Shari S. Barak
                                         Managing Attorney
                                         Shapiro, DiCaro & Barak, LLC
                                         Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper as Servicer for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE1
                                         One Huntington Quadrangle, Suite 3N05
                                         Melville, NY  11747
                                         Telephone: (631) 844-9611
                                         Fax: (631) 844-9525

11-012965

|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>CENTRAL ISLIP DIVISION<br>IN RE<br><br>          TERESA FLORES<br><br>          DEBTOR | HEARING DATE: September 5, 2019<br>HEARING TIME: 10:00 a.m.<br>HEARING PLACE: Central Islip<br><br>CHAPTER 7<br><br>CASE NO. 8-19-74438-las<br><br>JUDGE: Hon. Louis A. Scarcella |

## ORDER PURSUANT TO 11 U.S.C. § 362(d)(4)
## MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the motion, dated July 12, 2019 (the "Motion"), of Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE1, (with any subsequent successor or assign, the "Secured Creditor"), for an order, pursuant to 11 U.S.C. §§ 105 (a) and 362(d)(4), for *in rem* relief from the automatic stay imposed in subsequent cases under 11 U.S.C. § 362(a), such that any and all future filings under the Bankruptcy Code during the next two years by the Debtor herein, Teresa Flores or any other person or entity with an interest in the Property shall not operate as a stay as to Movant's enforcement of its rights in and to 415 American Boulevard, Brentwood, NY 11717 (the "Collateral") and after due and sufficient service and notice, the Court having held a hearing on the Motion on September 5, 2019 and no opposition having been submitted; and, after due deliberation, the Court having determined that the filing of the Debtor's bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy filings by the Debtor and affecting the Property; and good and sufficient cause appearing, including the failure of the Debtor to perform their duties as a debtor

11-012965

under the Bankruptcy Code in good faith in multiple bankruptcy cases affecting the Property, it is

**ORDERED** that, the automatic stay, pursuant to 11 U.S.C. § 362(a), is hereby vacated for cause pursuant to 11 U.S.C. § 362(d) as to, Specialized Loan Servicing LLC. as servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE3 Mortgage Pass-Through Certificates, Series 2006-HE3 its agents, assigns or successors-in-interest, may take any and all actions under applicable state law necessary to continue its foreclosure proceedings on premises known as 415 American Brentwood, NY 11717( "Property") without further application to this Court; and it is further

**ORDERED** that, pursuant to 11 U.S.C. §§ 105(a) and 362(d)(4), *in rem* relief from the automatic stay imposed in subsequent cases under 11 U.S.C. § 362(a) is granted, such that any and all future filings under the Bankruptcy Code during the next two years by the debtor herein or any other person or entity with an interest in the Property, shall not operate as a stay as to Movant's enforcement of its rights in and to the Property.

**ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect;

11-012965

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper
as Servicer for U.S. Bank National Association, as Trustee,
successor in interest to Bank of America, National
Association, as Trustee, successor by merger to LaSalle
Bank National Association, as Trustee for Merrill Lynch
Mortgage Investors Trust, Mortgage Loan Asset-Backed
Certificates, Series 2007-HE1
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611
Fax: (631) 844-9525
**Shari S. Barak**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| IN RE | CHAPTER 7 |
|---|---|
| TERESA FLORES | CASE NO. 8-19-74438-las |
| DEBTOR | |

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     )ss:
COUNTY OF SUFFOLK    )

I, Alicia McNamee, being sworn, say, I am not a party to this action; I am over 18 years of age, I reside in Suffolk County, New York.

On July 12, 2019 I served the within Notice of Motion, Motion in Support, Exhibits and Proposed Order Granting Relief from Automatic Stay upon:

TO:   Debtor
      Teresa Flores
      415 American Boulevard
      Brentwood, NY 11717

11-012965

Attorney for Debtor
Kafi Harris
41 Hilton Avenue
Hempstead, NY 11550

Trustee
Marc A. Pergament
Weinberg, Gross & Pergament
400 Garden City Plaza
Suite 403
Garden City, NY 11530

U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

11-012965

Date July 12, 2019

*Alicia McNamee*
Alicia McNamee
Bankruptcy Paralegal
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC
d/b/a Mr. Cooper as Servicer for U.S. Bank
National Association, as Trustee, successor
in interest to Bank of America, National
Association, as Trustee, successor by merger
to LaSalle Bank National Association, as
Trustee for Merrill Lynch Mortgage
Investors Trust, Mortgage Loan Asset-
Backed Certificates, Series 2007-HE1
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

Sworn to before me this
12th day of July, 2019

*Deborah Callahan*
Notary Public

```
DEBORAH CALLAHAN
Notary Public, State of New York
Registration No. 01-CA6278202
Qualified in Suffolk County
Commission Expires 3/18 2021
```

11-012965